STATE OF MAINE

KENNEBEC, ss.

RECEIVED AND FILED
KENNEBEC SUPERIOR COURT

2005 JAN 19  A 9: 00

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-04-399

STATE OF MAINE

v.

DAVID BRETON,

Defendant

**DECISION AND ORDER**

Pending before the court is the defendant's motion to suppress by which he seeks to suppress any evidence seized from him, including statements and blood alcohol test results, as a result of his stop by an Augusta police officer. In support of this motion, the defendant claims the officer unlawfully stopped the motor vehicle he was operating because the officer lacked "reasonable suspicion" or probable cause to do so.

Based on the testimony adduced at the hearing on the motion, the court makes the following factual findings:

At approximately 8:30 p.m. on June 30, 2004, Officer Christopher Shaw of the Augusta Police Department responded to a dispatch that an unidentified female was being restrained or barricaded in her room and that she was in distress. Moreover, Shaw was told that the call from the complainant to the dispatcher had been cut off. To Shaw it was important that the phone call had been disconnected.

Shaw was given the address of 130 Buckwood Road and inferred that the complainant was Susan Walker because he had responded to that address in the past on domestic violence complaints. Because he believed a crime had occurred or a domestic assault had been committed, he proceeded to the address with blue lights and siren activated.

Buckwood Road is a dead-end street which is accessed by traveling into Manchester and then proceeding over part of the road in that town and then on to its remainder in Augusta.

As Officer Shaw was proceeding easterly on Buckwood Road, a silver sedan passed him going west which was followed by a second car. The silver sedan had many occupants but Shaw noticed nothing wrong with its operation and, at that time, had no reason to believe it was associated with the call to the Walker residence or the commission of any crime.

The operator of the second vehicle, Diane Jensen, stopped her car and waved to Shaw to stop. He did so and Jensen asked him if he was responding to the Walker incident. When Shaw answered affirmatively, Jensen told him that she and the driver of the silver vehicle were involved in the incident which also included alcohol use and, further, that Walker was alone.

Based on this information, Shaw radioed to Officer Damon Lefferts who was behind him and asked him to stop the silver vehicle. He then asked Jensen to accompany him as he drove to the site where Lefferts would stop the silver car.

Officer Lefferts stopped the silver car on the Buckwood Road because he had been told by Shaw that the vehicle was believed to be involved in a crime. Lefferts found that the defendant was the driver of this car who, upon being asked what was going on, told the officer that he was trying to get away from his sister's residence along with the kids in the back of the car. Lefferts then asked the defendant if he had been drinking because he smelled alcohol vapors coming from the car. The defendant gave an affirmative response to this question. Before this stop, however, Lefferts saw nothing unusual about the operation of the defendant's car. Once the defendant was

outside the vehicle, however, Lefferts noticed that the defendant had red, blood shot eyes.

At about this time, Officer Shaw arrived on the scene but only talked with the defendant, whom he did not know, for a brief period. Upon further inquiry at this scene, Shaw learned that Susan Walker had locked herself in a room at her residence. As a result, he did not believe an assault had occurred there. He then took the children who had been in the defendant's vehicle back to the Walker residence to get their property, presumably with the idea that they would be spending the night elsewhere.

Shaw testified credibly that when he radioed for Lefferts to stop the silver vehicle, he did so because he thought it might have been involved in a crime, although he was unsure of that. He said he did not know who he was dealing with but was concerned that a suspect involved in the Walker incident, either a domestic assault or criminal restraint, could be in the silver vehicle, because of what Diane Jensen told him. Accordingly, he wanted this vehicle stopped before it could leave.

By virtue of the Supreme Court's decision in *Terry v. Ohio*, 392 U.S. 1 (1968), the police may detain an individual for purposes of investigation upon a showing of reasonable suspicion. *State v. Langlois*, 2005 ME 3, ¶ 6, _____, A.2d _____, _____. In determining the legitimacy of an investigatory stop, the court is to use a two-step analysis and consider "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* at ¶ 7 (quoting *Terry v. Ohio*, 392 U.S. at 20).

In the court's view, the State has established that Officer Lefferts' stop of the defendant at Officer Shaw's direction was justified because at the time of the stop Shaw had specific and articulable facts which would reasonably warrant suspicion of criminal conduct by one of the vehicle's occupants. *State v. Rand*, 430 A.2d 808, 819 (Me. 1981).

Shaw and Lefferts were dispatched to a complaint of a woman being restrained or barricaded in her room and that the call reporting this circumstance had been disconnected. Because of the nature of this call and because Shaw had responded to domestic violence complaints at this address in the past, he rushed to the scene of this potential crime with Lefferts behind him to assist. While en route he was advised that the operator of the silver vehicle was "involved" in the incident and that alcohol had also been involved. From this Shaw could, and apparently did, reasonably believe that the crime of assault or criminal restraint had been committed and that he needed to respond promptly to protect the alleged victim and apprehend the offender. Moreover, once he had spoken with Diane Jensen, he had reasonable causes to believe that the operator, or a passenger, of the silver car may be responsible for these crimes or, at a minimum, be able to tell him more about them. After all, he had responded quickly to a call to a residence near the end of a dead-end road and had met the two vehicles going away from the potential crime scene, learning that the driver of the lead vehicle had been involved in the incident. The need to then stop this vehicle and detain its operator briefly for questioning was paramount. Indeed, had he not so acted, it would be reasonable for the officer to have believed that he could have lost the opportunity to apprehend a suspect or question a witness who had been "involved" in the recently committed offense of assault or criminal restraint.

The fact that the officer's interest in the defendant was transformed from his role as a suspect or witness in a domestic abuse case to a suspect in an O.U.I. case is of no consequence. Shaw and Lefferts had an objectively reasonable basis to stop the defendant and make inquiry of him. *See State v. Fillion*, 474 A.2d 187, 190 (Me. 1984). Accordingly, that information and later acquired evidence supporting probable cause

that a different crime had been committed did not violate the defendant's constitutional rights. That being so, the motion to suppress must be denied.

The entry will be:

Motion to Suppress is DENIED.

Dated: January 19, 2005

John R. Atwood
Justice, Superior Court

STATE OF MAINE
  vs
DAVID W BRETON
RT4 BOX 564
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2004-00399

**DOCKET RECORD**

DOB: 09/27/1956
Attorney: RONALD BOURGET
        BOURGET & BOURGET PA
        64 STATE STREET
        AUGUSTA ME 04330-5194
        RETAINED 07/15/2004

State's Attorney: EVERT FOWLE

Filing Document: CRIMINAL COMPLAINT
Filing Date: 06/21/2004

Major Case Type: MISDEMEANOR (CLASS D,E)

## Charge(s)

**1   OPERATING UNDER THE INFLUENCE**      **06/20/2004 AUGUSTA**
**Seq 1197  29-A  2411(1)**        **Class D**

**2   OPERATING AFTER SUSPENSION**      **06/20/2004 AUGUSTA**
**Seq 5170  29-A  2412-A(1)**        **Class E**

## Docket Events:

08/05/2004 Charge(s): 1,2
        TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 08/05/2004 @ 22:00

        TRANSFERRED CASE: SENDING COURT CASEID AUGDCCR200401682
08/05/2004 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 06/21/2004

        Charge(s): 1,2
        HEARING -  ARRAIGNMENT SCHEDULED FOR 06/21/2004 @ 1:00  in Room No.  1

        NOTICE TO PARTIES/COUNSEL
        Charge(s): 1,2
        HEARING -  ARRAIGNMENT FTA ON 06/21/2004

        Charge(s): 1,2
        HEARING -  ARRAIGNMENT SCHEDULED FOR 07/21/2004 @ 8:30  in Room No.  1

        NOTICE TO PARTIES/COUNSEL
        Charge(s): 1,2
        HEARING -  ARRAIGNMENT WAIVED ON 07/21/2004
        RAE ANN  FRENCH , JUDGE
        Party(s): DAVID W BRETON
        ATTORNEY -  RETAINED ENTERED ON 07/15/2004

        Attorney:  RONALD BOURGET
        TRIAL -  BENCH SCHEDULED FOR 09/10/2004 @ 8:30  in Room No.  1

        NOTICE TO PARTIES/COUNSEL

        Printed on: 01/19/2005

TRIAL -  BENCH NOT HELD ON 08/05/2004

TRIAL -  BENCH NOTICE SENT ON 07/21/2004
KATHRYN  JONES , CLERK III
Charge(s): 1,2
MOTION -  MOTION FOR FURTHER DISCOVERY FILED BY DEFENDANT ON 08/04/2004

Attorney:  RONALD BOURGET
08/05/2004 Charge(s): 1,2
MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 08/04/2004

Attorney:  RONALD BOURGET
Charge(s): 1,2
TRANSFER -  TRANSFER FOR JURY TRIAL REQUESTED ON 08/04/2004

Charge(s): 1,2
FINDING -  TRANSFER FOR JURY TRIAL TRANSFERRED ON 08/05/2004

AUGSC
Charge(s): 1
ABSTRACT -  SBI EDI ON 08/05/2004

LAST EDI SENT: 08/05/2004 21:17:04
08/12/2004 Charge(s): 1,2
TRANSFER -  TRANSFER FOR JURY TRIAL RECVD BY COURT ON 08/11/2004

RECEIVED FROM AUGUSTA DISTRICT COURT DOCKET NO: CR-04-1682
08/13/2004 BAIL BOND - $500.00 CASH BAIL BOND FILED ON 08/11/2004

Bail Receipt Type: CR
Bail Amt:  $500
                          Receipt Type: CK
Date Bailed: 06/21/2004   Prvdr Name: DAVID  BRETON
                          Rtrn Name: DAVID  BRETON


## Conditions of Bail:

Refrain from possession or use of intoxicating liquor. Refrain from possession or use of any unlawful drugs.

Submit to random search and testing for alcohol, drugs upon reasonable suspicion of use or possession.

Not operate or attempt to operate any motor vehicle until licensed.
08/13/2004 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 08/04/2004

10/07/2004 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/01/2004 @ 9:00

NOTICE  TO PARTIES/COUNSEL
10/07/2004 HEARING -  MOTION TO DISMISS SCHEDULED FOR 11/01/2004 @ 9:00

NOTICE  TO PARTIES/COUNSEL
10/07/2004 HEARING -  MOTION FOR FURTHER DISCOVERY SCHEDULED FOR 11/01/2004 @ 9:00

NOTICE TO PARTIES/COUNSEL
11/02/2004 HEARING - MOTION FOR FURTHER DISCOVERY CONTINUED ON 11/02/2004

11/02/2004 HEARING - MOTION TO DISMISS CONTINUED ON 11/02/2004

11/02/2004 HEARING - MOTION TO SUPPRESS CONTINUED ON 11/02/2004

12/09/2004 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/04/2005 @ 9:00

NOTICE TO PARTIES/COUNSEL
12/09/2004 HEARING - MOTION TO DISMISS SCHEDULED FOR 01/04/2005 @ 9:00

NOTICE TO PARTIES/COUNSEL
12/09/2004 HEARING - MOTION FOR FURTHER DISCOVERY SCHEDULED FOR 01/04/2005 @ 9:00

NOTICE TO PARTIES/COUNSEL
01/11/2005 OTHER FILING - MEMORANDUM OF LAW FILED ON 01/11/2005

DA: BRAD GRANT
01/19/2005 HEARING - MOTION FOR FURTHER DISCOVERY HELD ON 01/05/2005
JOHN R ATWOOD , JUSTICE
Attorney: RONALD BOURGET
DA: PAUL RUCHA            Reporter: JANETTE COOK
Defendant Present in Court
01/19/2005 Charge(s): 1,2
MOTION - MOTION FOR FURTHER DISCOVERY GRANTED ON 01/05/2005
JOHN R ATWOOD , JUSTICE
COPY TO PARTIES/COUNSEL
01/19/2005 HEARING - MOTION TO DISMISS NOT HELD ON 01/05/2005

01/19/2005 HEARING - MOTION TO SUPPRESS HELD ON 01/05/2005
JOHN R ATWOOD , JUSTICE
Attorney: RONALD BOURGET
DA: BRAD GRANT            Reporter: JANETTE COOK
Defendant Present in Court

STATE WITNESSES: CHRISTOPHER SHAW
01/19/2005 MOTION - MOTION TO SUPPRESS DENIED ON 01/19/2005
JOHN R ATWOOD , JUSTICE
COPY TO PARTIES/COUNSEL
01/19/2005 ORDER - COURT ORDER FILED ON 01/19/2005

DECISION AND ORDER ON MOTION TO SUPPRESS

## Exhibits
01/05/2005  STATE, Exhibit#1, DISPATCH LOG FROM AUGUSTA POLICE DEPARTMENT, Adm w/o obj on
01/05/2005.

A TRUE COPY
ATTEST: _____
                    Clerk