**STATE of Maine**

v.

**Rena GIFFORD.**

Supreme Judicial Court of Maine.

March 4, 1992.

R. Christopher Almy, Dist. Atty., Jeffrey M. Silverstein (orally), Asst. Dist. Atty., Bangor, for state.

G. Bradley Snow (orally), Tanous & Snow, East Millinocket, for defendant.

Before McKUSICK, C.J.,* and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Justice.

The State appeals from an order of the District Court (Millinocket, *Gunther, J.*) suppressing evidence obtained from defendant Rena Gifford's purse. The State contends that the court incorrectly imposed the requirement of probable cause and, alternatively, erred in finding that the officer did not have probable cause to conduct a search. We reject the State's arguments and affirm the order.

---

* McKusick, C.J., sat at oral argument but retired    prior to the issuance of this opinion.

The facts as found by the suppression judge are as follows: Rena Gifford's car was stopped by a Millinocket police officer for having a loud exhaust. After giving her a traffic ticket, the officer asked Gifford's permission to allow his trained dog to sniff the car for narcotics. Gifford consented, and she and her passenger stood outside the car while it was searched. At all times Gifford had her purse with her, and she never consented to a search of the purse. While going through the car, the dog reacted to a gold cigarette pack near the passenger's seat. The pack contained marijuana. The officer took Gifford's purse from her, opened it, rummaged through it, and then set it on the ground for the dog to sniff. Again, the dog reacted, and the officer searched the purse and found a packet of cocaine. Later, a thorough search of the car revealed other drug paraphernalia. The court found that the search of the purse was conducted without probable cause and was based on speculation. The State now appeals from the order suppressing the cocaine taken from defendant's purse.

■■■■■ The District Court held that the search of the purse was improper under the Fourth Amendment of the United States Constitution because it was not based on probable cause. Although the State concedes it did not argue this point before the District Court, it now contends that a seizure, as distinguished from a search, need not be grounded in probable cause. In *United States v. Place*, 462 U.S. 696, 702, 103 S.Ct. 2637, 2641, 77 L.Ed.2d 110 (1983), the Supreme Court suggested that the warrantless detention of luggage in order to permit a "canine sniff," without opening the luggage, could be so minimally intrusive as to require only a "reasonable, articulable suspicion, premised on objective facts," that the luggage contained contraband. In *Place*, D.E.A. agents received information that a particular passenger was suspected of transporting drugs in his luggage. The agents approached the suspect upon his arrival at Laguardia airport and seized his luggage. They subjected the luggage to a dog sniff, and the dog indicated that one of the bags contained narcotics. They retained the luggage, unopened, over the weekend until they could obtain a warrant.[1] *Id. Place* has no application to the present case because here the officer opened the purse and rummaged through it before offering it to the dog to sniff. The officer searched the purse and that fact is not changed by the State's speculation that the dog might have reacted even if the officer had not opened it and rummaged through it. The District Court did not err in finding that the present case involved a search and that it was unsupported by a showing of probable cause.

The entry is:

Order affirmed.

All concurring.

---

1. Ultimately, the court concluded that the length of the detention alone precluded "the conclusion that the seizure was reasonable in the absence of probable cause." *Place,* 462 U.S. at 709, 103 S.Ct. at 2645.