1998 ME 64

**STATE of Maine**

v.

**Dale A. TARVERS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Feb. 13, 1998.
Decided March 26, 1998.

Stephanie Anderson, District Attorney, Julia A. Sheridan, Asst. Dist. Atty., Portland, for the State.

Nicholas Kaldro, Kaldro & Martell, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Dale A. Tarvers appeals from the judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) on a jury verdict finding him guilty of operating a motor vehicle while under the influence of intoxicants. (29–A M.R.S.A. § 2411 (1996)). Defendant argues that the District Court (Portland, *Beaudoin, J.*) erred in finding that the arresting officer was justified in initiating an investigatory stop and thus erred in denying his motion to suppress. Finding no error, we affirm the judgment.

[¶ 2] The relevant facts may be summarized as follows: At 11:30 p.m. Officer Donald Fiske of the Gorham Police Department responded to a call to stay with a car and two children at roadside. The driver of the car, the children's aunt, had been arrested by another officer. Officer Fiske was advised that the children's parents had been notified and would pick them up and remove the vehicle. Approximately ten minutes later a truck with two adults arrived and parked behind the police cruiser. The driver, a male, did not respond to the officer's shouted

instructions to park in front of the cruiser. The passenger in the truck, a woman, walked directly to the vehicle with the children and sat in the driver's seat. After directing the driver to move the truck, the officer approached the car to determine if everything was all set. He observed a strong odor of intoxicants coming from the woman. He then approached the truck to see if the driver could drive the two children and the woman home or, as he suspected from the strong odor of intoxicants on the woman's breath, that the driver of the truck might also be intoxicated. When the officer approached the truck, he observed defendant Dale Tarvers with glassy, bloodshot eyes and detected a strong odor of alcohol. At this point, he requested defendant to produce his license, registration and proof of insurance. Defendant was arrested after field sobriety tests were administered.

[¶ 3] An investigatory stop is justified "if at the time of the stop the officer has 'an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances.'" *State v. Nelson,* 638 A.2d 720, 722 (Me.1994) (quoting *State v. Dulac,* 600 A.2d 1121, 1122 (Me.1992)). We review the court's finding that a stop was supported by an objectively reasonable and articulable suspicion for clear error. *Id.* The reasonable suspicion standard can be justified by safety reasons alone if they are based on specific and articulable facts. *State v. Pinkham,* 565 A.2d 318, 319 (Me.1989). Further, "[p]olice officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place." *State v. Moulton,* 1997 ME 228, ¶ 8, 704 A.2d 361, 363.

[¶ 4] In this case, the officer, in protecting defendant's children, was engaged in a community caretaking function that did not end until he determined that they had a safe ride home. The court did not err in finding that the officer was justified in approaching the vehicle and the truck in order to insure the safety of the children. Moreover, the court did not err in finding that, when the officer approached the truck and observed defendant's glassy, bloodshot eyes and the odor of alcohol, he had a reasonable and articulable suspicion of criminal conduct. The court did not err in denying defendant's motion to suppress.

The entry is:

Judgment affirmed.