STATE OF MAINE
KENNEBEC, ss

... ... AND FILED
... SUPERIOR COURT

2005 MAY 23 P 2: 46

... DES ....
... ....RTS

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-06-48

KEN-NM - 5/22/06

STATE OF MAINE

v.

ORDER ON DEFENDANT'S
MOTIONS TO SUPPRESS

JEREMY SOUCY

　　　　Defendant

　　　　The defendant seeks to suppress evidence obtained as a result of the stop of the defendant's car, the detention of the defendant, and the search of the inside of the car. The defendant also challenges the determination of probable cause to issue the search warrant if the assertions resulting from the allegedly illegally obtained evidence are excised from the affidavit. The defendant further challenges the determination of probable cause to issue the warrant because the prior criminal record of the informant was not included in the affidavit. For the following reasons, the motions are denied.

FACTS

　　　　On 11/28/05, a search warrant was executed at the Augusta residence of Christopher Sudsbury. Prescription drugs and cocaine were found as a result of the search. Maine Drug Enforcement Agent Lowell Woodman secured Mr. Sudsbury's cooperation in identifying his source for the cocaine. He told the officers that he purchased the cocaine from "JJ", who lived off the Pond Road in Manchester. Mr. Sudsbury described exactly how to get to JJ's residence. Detective Bourque remained at the Sheriff's Office and began drafting an affidavit for a search warrant for JJ's residence.

1

At the officers' request, Mr. Sudsbury made phone calls to JJ, which were recorded. See State's Ex. 1.[1] The two agreed that Mr. Sudsbury's "usual" two ounces of cocaine would be delivered by JJ to J & S Oil in Manchester and the two would meet there. The officers had a description of JJ's vehicle. Federal Agent Greg Bushey and Agent Woodman waited at J & S Oil. Kennebec County Deputy Sheriff Michael Pion was stationed on the Pond Road in Manchester near a dirt road where JJ lived. Deputy Pion had been told by Agents Lowell Woodman and Barry Kelley that a large quantity of cocaine would be transported from a certain location in a newer model pick-up truck and that JJ, whom the officers believed to be the defendant, Jeremy Soucy, possibly would be involved.

During his phone conversation with Mr. Sudsbury, JJ said he had been drinking. Detective Bourque instructed Deputy Pion to stop JJ's vehicle if there was a reason for the stop. Deputy Pion observed a pick-up truck traveling on Pond Road at a high rate of speed. The deputy observed the truck cross the centerline twice. Deputy Pion followed the truck, maintaining a steady distance between his cruiser and the truck and traveling at 55 m.p.h. The speed limit on this road was 40 m.p.h. Deputy Pion turned on his blue lights and stopped the truck at 12:57 a.m. on 11/29/05. See State's Ex. 2.

Deputy Pion smelled the odor of an intoxicating beverage coming from the truck. Deputy Pion asked the operator to get out of the vehicle and perform field sobriety tests. After the operator performed the horizontal gaze nystagmus, walk and turn, and the one-leg stand tests, Deputy Pion concluded that the operator was not under the influence.

---

[1] Detective Bourque did not listen to the tapes of Mr. Sudsbury's phone calls to JJ before preparing the affidavit dated 11/29/05.

Deputy Pion summonsed the operator for speeding. The deputy called Chief Deputy Liberty and was advised to detain the operator because of the on-going drug investigation. Deputy Pion informed the operator why he would be detained.

When he learned JJ's vehicle had been stopped, Agent Woodman traveled to the scene and arrived approximately 30-35 minutes after the stop of the truck. He determined to detain the operator, who was identified by Mr. Sudsbury as the defendant, because of the investigation. A canine unit was requested at 1:01 a.m. on 11/29/05. See State's Ex. 3. At least five officers eventually arrived at the scene after the stop.

Trooper Greg Stevens has worked for the Maine State Police for eight years and has been a certified canine handler for five years. Trooper Stevens and his dog were certified in drug detection in November 2005 by the Maine Criminal Justice Academy.

The dog is trained to indicate on specific, illegal drugs. When the dog smells the drugs, he is trained to sit and is then rewarded. The dog is trained not to sit unless an absolute hit is made, which does not occur with trace amounts of drugs.

On 11/29/05, Trooper Stevens and his dog were called to assist in the stop of the defendant in Manchester. When trooper Stevens arrived at the scene at 1:36 a.m., he was told that the officers present already believed cocaine was in the vehicle but wanted the dog to walk around the truck. The dog made a full sweep of the truck and indicated on the driver's door only. After sitting, the dog tried to jump into the truck through the driver's side window.

Trooper Stevens unhooked the dog's lead and gave the command to the dog to find the substance. The dog jumped in the truck and indicated on the center console in the front seat of the truck. Trooper Stevens told the other officers that narcotics were present in the console.

3

Based on that information, Agent Woodman opened the center console and observed what he recognized as approximately two ounces of cocaine in a plastic bag. The substance field-tested positive for cocaine. Deputy Pion arrested the defendant.

CONCLUSIONS

Stop

Based on the information provided to Deputy Pion and his observations of operation, Deputy Pion was justified in stopping the defendant's vehicle because the deputy had "an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop [was] objectively reasonable in the totality of the circumstances." See State v. Burgess, 2001 ME 117, ¶ 11, 776 A.2d 1223, 1228 (quoting State v. Tarvers, 1998 ME 64, ¶ 3, 709 A.2d 726, 727.

Detention

The investigatory detention of the defendant by Deputy Pion was valid because he acted on the basis of specific and articulable facts that the defendant was transporting illegal drugs and the need for other officers involved in the investigation to travel to the scene to aid in the investigation. See State v. Alley, 2004 ME 10, ¶ 17, 841 A.2d 803, 808; State v. Moulton, 1997 ME 228, ¶ 10, 704 A.2d 361, 364.

Search inside Truck

The exterior sniff of the truck by the dog was permissible. See City of Indianapolis v. Edmond, 531 U.S. 32, 40 (2000). Once the dog hit on the driver's side door, entry into the truck by the dog was supported by probable cause and was valid. See U.S. v. Thomas, 787 F. Supp. 663, 684 (E.D. Tex. 1992). Agent Woodman was justified in opening the console after the dog hit on that specific area. See State v.

4

Gifford, 604 A.2d 45, 46 (Me. 1992); State v. Phaneuf, 597 A.2d 55, 57-58 (Me. 1991); State v. Daigneault, 2001 Me. Super. LEXIS 214, *8.

Search Warrant

The affidavit contains sufficient facts to establish probable cause that "contraband or evidence of a crime will be found in a particular place" to justify issuance of the warrant. See State v. Crowley, 1998 ME 187, ¶ 3, 714 A.2d 834, 836.

The defendant has not made a substantial preliminary showing required to justify an evidentiary hearing. See State v. White, 391 A.2d 291, 293 (Me. 1978).

The entry is

The Defendant's Motions to Suppress are DENIED.

Date: May 22, 2006

Nancy Mills
Justice, Superior Court

KEN-CR-06-48

5

STATE OF MAINE
　　vs
JEREMY M SOUCY
161 KNOWLES ROAD
BELGRADE ME 04917

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CR-2006-00048

**DOCKET RECORD**

DOB: 04/12/1976
Attorney: WALTER MCKEE
　　　　　LIPMAN & KATZ & MCKEE, PA
　　　　　227 WATER STREET
　　　　　PO BOX 1051
　　　　　AUGUSTA ME 04332-1051
　　　　　RETAINED 01/12/2006

State's Attorney: EVERT FOWLE

Filing Document: INDICTMENT
Filing Date: 01/12/2006

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1　UNLAWFUL TRAFFICKING IN SCHEDULED DRUGS　11/29/2005 MANCHESTER
Seq 8541　17-A　1103(1-A)(A)　　　　Class B
　PION　　　　　　　　/ KEN

2　UNLAWFUL POSSESSION OF SCHEDULED DRUG　11/29/2005 MANCHESTER
Seq 8565　17-A　1107-A(1)(A)(1)　　　Class B
　PION　　　　　　　　/ KEN

## Docket Events:

01/12/2006 FILING DOCUMENT -　INDICTMENT FILED ON 01/12/2006

　　　　　TRANSFER -　BAIL AND PLEADING GRANTED ON 01/12/2006

　　　　　TRANSFER -　BAIL AND PLEADING REQUESTED ON 01/12/2006

01/12/2006 Party(s):　JEREMY M SOUCY
　　　　　ATTORNEY -　RETAINED ENTERED ON 01/12/2006

　　　　　Attorney:　WALTER MCKEE
01/12/2006 Charge(s): 1,2
　　　　　HEARING -　ARRAIGNMENT SCHEDULED FOR 01/27/2006 @ 8:00

01/12/2006 Charge(s): 1,2
　　　　　HEARING -　ARRAIGNMENT NOTICE SENT ON 01/12/2006

01/24/2006 TRANSFER -　BAIL AND PLEADING RECVD BY COURT ON 01/24/2006

　　　　　RECEIVED FROM AUGUSTA DISTRICT COURT DOCKET NO: CR-05-2990
01/24/2006 BAIL BOND - $1,000.00 CASH BAIL BOND FILED ON 01/24/2006

　　　　　Bail Receipt Type: CR
　　　　　Bail Amt: $1,000
　　　　　　　　　　　　　　Receipt Type: CK
　　　　　Date Bailed: 11/30/2005　Prvdr Name: JEREMY SOUCY
　　　　　　　　　　　　　　Rtrn Name: JEREMY SOUCY

Printed on: 05/23/2006

01/26/2006 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 01/26/2006

01/26/2006 MOTION -  MOTION TO SUPPRESS STATEMENT FILED BY DEFENDANT ON 01/26/2006

01/26/2006 MOTION -  MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 01/26/2006

01/26/2006 MOTION -  MOTION FOR RETURN OF PROPERTY FILED BY DEFENDANT ON 01/26/2006

01/26/2006 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 01/26/2006

          DISPATCH LOGS
01/26/2006 MOTION -  MOTION DISCLOSE CONF INFORMANT FILED BY DEFENDANT ON 01/26/2006

01/26/2006 MOTION -  MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 01/26/2006

01/31/2006 Charge(s): 1,2
          HEARING -  ARRAIGNMENT HELD ON 01/27/2006
          NANCY  MILLS , JUSTICE
          Attorney: WALTER MCKEE
          DA: EVERT FOWLE        Reporter: PHILIP GALUCKI
          Defendant Present in Court

          READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
          DEFENDANT.  21 DAYS TO FILE MOTIONS
01/31/2006 Charge(s): 1,2
          PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 01/27/2006

01/31/2006 Charge(s): 1,2
          PLEA -  NOT GUILTY ACCEPTED BY COURT ON 01/27/2006

01/31/2006 BAIL BOND -  CASH BAIL BOND CONTINUED AS POSTED ON 01/27/2006

01/31/2006 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 01/27/2006

02/02/2006 MOTION -  MOTION TO AMEND INDICTMENT FILED BY STATE ON 02/02/2006

03/09/2006 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 04/04/2006 @ 8:00

          NOTICE  TO PARTIES/COUNSEL
03/09/2006 HEARING -  MOTION TO AMEND INDICTMENT SCHEDULED FOR 04/04/2006 @ 8:00

          NOTICE  TO PARTIES/COUNSEL
03/09/2006 HEARING -  MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 04/04/2006 @ 8:00

          NOTICE  TO PARTIES/COUNSEL
03/09/2006 HEARING -  MOTION FOR RETURN OF PROPERTY SCHEDULED FOR 04/04/2006 @ 8:00

          NOTICE  TO PARTIES/COUNSEL
03/09/2006 HEARING -  MOTION FOR REL OF CONFID. REC SCHEDULED FOR 04/04/2006 @ 8:00

          NOTICE  TO PARTIES/COUNSEL
03/09/2006 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 04/04/2006 @ 8:00

          NOTICE  TO PARTIES/COUNSEL                            OF DISPATCH
          LOGS
04/04/2006 HEARING -  MOTION FOR DISCOVERY HELD ON 04/04/2006
          NANCY  MILLS , JUSTICE
          Attorney:  WALTER MCKEE
          DA:  ALAN KELLEY          Reporter: CASE ENOCH
          Defendant Present in Court
04/04/2006 HEARING -  MOTION FOR REL OF CONFID. REC HELD ON 04/04/2006


04/04/2006 HEARING -  MOTION FOR RETURN OF PROPERTY HELD ON 04/04/2006


04/04/2006 HEARING -  MOTION TO SUPPRESS EVIDENCE HELD ON 04/04/2006


04/04/2006 HEARING -  MOTION FOR DISCOVERY HELD ON 04/04/2006


04/04/2006 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 04/05/2006 @ 8:00


          NOTICE  TO PARTIES/COUNSEL
05/23/2006 MOTION -  MOTION FOR DISCOVERY GRANTED ON 04/04/2006
          S KIRK STUDSTRUP , JUSTICE
          COPY TO PARTIES/COUNSEL                              STATE WILL TRY
          TO GET REQUESTED INFORMATION FROM MSP CANINE UNIT OR MCJA
05/23/2006 MOTION -  MOTION TO SUPPRESS EVIDENCE WITHDRAWN ON 04/04/2006


05/23/2006 MOTION -  MOTION FOR DISCOVERY GRANTED ON 04/04/2006
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL                              STATE WILL
          PRODUCE LOGS IF THEY EXIST, FROM MSP AND KCSO
05/23/2006 HEARING -  MOTION TO SUPPRESS HELD ON 04/05/2006


05/23/2006 MOTION -  MOTION TO SUPPRESS EVIDENCE DENIED ON 05/22/2006
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
05/23/2006 MOTION -  MOTION TO SUPPRESS STATEMENT DENIED ON 05/22/2006

          COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
                    Clerk