STATE OF MAINE                                                    SUPERIOR COURT
CUMBERLAND, ss                                                   CRIMINAL ACTION
                                                                 DOCKET NO. CR-08-758

                        RECEIVED AND FILED
                        CUMBERLAND, ss. CLERK'S OFFICE

                        2009 JAN 14  P 3: 58

                        CLERK OF COURTS

STATE OF MAINE

    v.                                                    ORDER ON DEFENDANT'S
                                                          MOTION TO SUPPRESS
BRIAN VANHORN,

        Defendant


        The defendant seeks to suppress evidence obtained as a result of the stop of his

vehicle, the field sobriety tests, and his arrest, all of which, he argues, were improper.

For the following reasons, the motion is denied.

FINDINGS

        Maine State Police Trooper Terry Michaud has more than 22 years of law

enforcement experience, attended the twelve-week Academy twice, and is an instructor

for field sobriety tests.  On 8/11/08, he was stationed at the toll plaza on 95 and 295 at

approximately 10:00 p.m. to monitor traffic.  He was in uniform and standing outside

his cruiser approximately three or four feet in front of the toll plaza northbound.  As a

vehicle approached the toll taker, the operator turned and looked at Trooper Michaud

and stopped.  Trooper Michaud noticed the operator's voice was "squeaky – hoarse," his

eyes were red and bloodshot, and an odor of intoxicants was coming from the vehicle.

The operator paid more attention to Trooper Michaud than to the toll taker.  The toll

taker told Trooper Michaud she smelled alcohol coming from the vehicle.

        Trooper Michaud got into his cruiser and followed the orange vehicle with a

New York license plate.  He did not notice any erratic operation.  He stopped the

vehicle using his blue lights three miles from the toll plaza.  There was nothing unusual

about the way the operator stopped the vehicle.

1

Trooper Michaud asked the operator, the defendant, for his license and it was produced without any problem. Trooper Michaud continued to smell the odor of intoxicants coming from the vehicle. The operator exited the vehicle without difficulty but moved sideways as he walked to the back of his vehicle. At the edge of the road, the defendant stepped backwards and Trooper Michaud warned him not to fall and started to reach for him. The defendant regained his composure.

The defendant stated that he had flown from California to Portland, had Thai food for dinner, and a couple of drinks on the plane because he is afraid to fly. He said it had been a while since he had anything to drink and he had taken a nap between drinking and meeting Trooper Michaud. He said his last drink was at 5:50 p.m. EST. He said he was willing to take a test.

Trooper Michaud administered the standard field sobriety tests to the defendant. On each test, Trooper Michaud observed at least one clue. According to the manual used by the Maine State Police, the clues are indicative of a blood alcohol content of .10% or more. The troopers look for other signs of impairment as well.

With regard to the HGN test, he asked the defendant if he was wearing contacts; he was not. Trooper Michaud did not ask if there was any reason why the defendant could not do the tests. Trooper Michaud observed four clues on this test.

Trooper Michaud demonstrated the walk and turn test and repeated the instructions two or three times. The defendant could not maintain his stance during the instructions and began the test prematurely. He walked nine steps out, frequently raised his hands, stopped, made no turn, and walked backward nine steps.

Trooper Michaud instructed the defendant regarding the one-leg stand test. The defendant began the test before asked. Trooper Michaud had to instruct the defendant

2

to raise his foot six inches from the ground. The defendant frequently raised his hands more than six inches from his side.

Trooper Michaud asked the defendant to rate his sobriety on a scale from one to ten, with one as sober and ten as passed out drunk. The defendant replied that he really felt great, he was tired, he did not feel drunk, and "maybe a two."

Trooper Michaud believed the defendant had been operating under the influence because of the odor of intoxicants, the red and glassy eyes, and the performance on the field sobriety tests. The defendant was placed under arrest.

## CONCLUSIONS

### Stop

Trooper Michaud had "an articulable suspicion that criminal conduct ha[d] taken place, [wa]s occurring, or imminently w[ould] occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop [was] objectively reasonable in the totality of the circumstances." State v. Burgess, 2001 ME 117, ¶ 7, 776 A.2d 1223, 1227 (quoting State v. Tarvers, 1998 ME 64, ¶ 3, 709 A.2d 726, 727). There is no mechanical standard for reviewing a court's conclusions on whether an officer's suspicion was objectively reasonable. State v. Cusack, 649 A.2d 16, 18 (Me. 1994). "Reasonable articulable suspicion 'is considerably less than proof of wrongdoing by a preponderance of the evidence.'" Burgess, 2001 ME 117, ¶ 8, 776 A.2d at 1227 (quoting State v. Eklund, 2000 ME 175, ¶ 6, 760 A.2d 622, 624). The suspicion must be based on more than speculation or an unsubstantiated hunch. Burgess, 2001 ME 117, ¶ 8, 776 A.2d at 1227. This standard "balances the driver's right to be free from excessive restraint by the State against the public's right not to be placed at risk by the criminal action of impaired driving." State v. Sylvain, 2003 ME 5, ¶ 17, 814 A.2d 984, 988.

Field Sobriety Tests

Trooper Michaud had "specific and articulable facts which, taken together with rational inferences from those facts," warranted the administration of field sobriety tests. State v. Wood, 662 A.2d 919, 920 (Me. 1995); State v. Little, 468 A.2d 615, 617-18 (Me. 1983). The fact that factors other than alcohol may cause nystagmus does not require exclusion of the HGN test results. See Schultz v. Maryland, 664 A.2d 60, 77 (Md. Ct. Spec. App. 1995).

Arrest

Trooper Michaud had sufficient probable cause to believe the defendant was operating the car while his senses were "impaired however slightly" or "to any extent" by the alcohol he admitted drinking. See State v. Webster, 2000 ME 115, ¶ 7, 754 A.2d 976, 977-78. The arrest of the defendant was justified on this record.

The entry is

The Defendant's Motion to Suppress is DENIED.

Date: January 14, 2009

Nancy Mills
Justice, Superior Court

4

STATE OF MAINE                                          SUPERIOR COURT
  vs                                                   KENNEBEC, ss.
BRIAN A VANHORN                                        Docket No  AUGSC-CR-2008-00758
1380 LAPLAYA #3
SAN FRANCISCO CA 94122                                 **DOCKET RECORD**

DOB: 06/07/1974
Attorney: MATTHEW NICHOLS                              State's Attorney: EVERT FOWLE
          NICHOLS WEBB & LORANGER PA
          477 CONGRESS ST., SUITE 800
          PORTLAND ME 04101
          RETAINED 08/28/2008

## Charge(s)

**1   OPERATING UNDER THE INFLUENCE**            **08/12/2008 FARMINGDALE**
**Seq 9878   29-A  2411(1-A)(A)          Class D**
   **MICHAUD              / MSP**


## Docket Events:

09/24/2008 Charge(s): 1
        TRANSFER -  TRANSFER FOR JURY TRIAL EDI ON 09/24/2008 @ 18:00

        TRANSFERRED CASE: SENDING COURT CASEID AUGDCCR200801902
        FILING DOCUMENT -  CASH BAIL BOND FILED ON 08/12/2008

        Charge(s): 1
        HEARING -  ARRAIGNMENT SCHEDULED FOR 09/17/2008 @ 10:00 in Room No.  1

        NOTICE TO PARTIES/COUNSEL
        Charge(s): 1
        HEARING -  ARRAIGNMENT WAIVED ON 09/17/2008

        BAIL BOND -  $500.00 CASH BAIL BOND FILED ON 08/14/2008

        BAIL BOND -  CASH BAIL BOND DISBURSEMENT ON 09/22/2008

        Party(s):  BRIAN A VANHORN
        ATTORNEY -  RETAINED ENTERED ON 08/28/2008

        Attorney:  MATTHEW NICHOLS
        Charge(s): 1
        SUPPLEMENTAL FILING -  COMPLAINT FILED ON 09/09/2008

        Charge(s): 1
        PLEA -  NOT GUILTY ENTERED BY COUNSEL ON 09/17/2008

        Charge(s): 1
        TRIAL -  BENCH SCHEDULED FOR 10/21/2008 @ 8:30 in Room No.  1

        NOTICE TO PARTIES/COUNSEL
        Charge(s): 1
        TRIAL -  BENCH NOT HELD ON 09/22/2008

Charge(s): 1
TRIAL -  BENCH NOTICE SENT ON 09/17/2008


MOTION -  OTHER MOTION FILED BY DEFENDANT ON 09/17/2008


MOTION FOR PREPARATION OF REPORTS BY EXPERT WITNESS
Charge(s): 1
OTHER FILING -  OTHER DOCUMENT FILED ON 09/17/2008


3 REQUEST FOR REQUEST FOR DISCOVERY
Charge(s): 1
TRANSFER -  TRANSFER FOR JURY TRIAL REQUESTED ON 09/17/2008


09/24/2008 Charge(s): 1
TRANSFER -  TRANSFER FOR JURY TRIAL GRANTED ON 09/23/2008


Charge(s): 1
MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 09/17/2008


Charge(s): 1
HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 10/21/2008 @ 8:30 in Room No.  1


NOTICE  TO PARTIES/COUNSEL
Charge(s): 1
HEARING -  MOTION TO SUPPRESS NOT HELD ON 09/22/2008


Charge(s): 1
HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 09/17/2008


OTHER FILING -  OTHER DOCUMENT FILED ON 09/17/2008


NOTICE TO PRODUCE TESTIMONY
Charge(s): 1
FINDING -  TRANSFER FOR JURY TRIAL TRANSFERRED ON 09/23/2008


AUGSC
09/25/2008 Charge(s): 1
TRANSFER -  TRANSFER FOR JURY TRIAL RECVD BY COURT ON 09/25/2008


RECEIVED FROM AUGUSTA DISTRICT COURT CR-08-1902
09/25/2008 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/13/2008 @ 8:30


NOTICE  TO PARTIES/COUNSEL
09/25/2008 BAIL BOND - $500.00 CASH BAIL BOND FILED ON 09/25/2008


Bail Receipt Type: CR
Bail Amt: $500
                              Receipt Type: CK
Date Bailed: 08/12/2008      Prvdr Name: BRIAN  VANHORN
                             Rtrn Name: BRIAN  VANHORN


09/25/2008 MOTION -  MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 04/28/2008

09/25/2008 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 11/13/2008 @ 8:30

10/28/2008 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 10/27/2008

   Attorney:  MATTHEW NICHOLS
   MOTION TO BE EXCUSED.
10/30/2008 MOTION -  OTHER MOTION GRANTED ON 10/29/2008
   NANCY  MILLS , JUSTICE
   MOTION TO BE EXCUSED.
11/13/2008 MOTION -  MOTION EXPERT WITNESS REPORT FILED BY STATE ON 11/13/2008

11/14/2008 HEARING -  MOTION EXPERT WITNESS REPORT CONTINUED ON 01/07/2008 @ 8:30

11/14/2008 HEARING -  MOTION TO SUPPRESS CONTINUED ON 11/13/2008

11/14/2008 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 01/07/2009 @ 8:30

   NOTICE  TO PARTIES/COUNSEL
11/14/2008 HEARING -  MOTION EXPERT WITNESS REPORT SCHEDULED FOR 01/07/2009 @ 8:30

01/15/2009 HEARING -  MOTION TO SUPPRESS HELD ON 01/07/2009
   NANCY  MILLS , JUSTICE
   Reporter: TAMMY DROUIN
   Defendant Present in Court
01/15/2009 Charge(s): 1
   MOTION -  MOTION TO SUPPRESS UNDER ADVISEMENT ON 01/07/2009
   NANCY  MILLS , JUSTICE
01/15/2009 Charge(s): 1
   MOTION -  MOTION TO SUPPRESS DENIED ON 01/14/2009
   NANCY  MILLS , JUSTICE
   COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
      Clerk