2005 ME 3

**STATE of Maine**

v.

**Thomas LANGLOIS.**

Supreme Judicial Court of Maine.

On Briefs: Nov. 3, 2004.

Decided: Jan. 6, 2005.

---

R. Christopher Almy, District Attorney, C. Daniel Wood, Asst. Dist. Attorney, Bangor, for State.

Bradford S. MacDonald, Esq., Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

LEVY, J.

[¶ 1] Thomas Langlois appeals from a judgment of conviction for unlawful possession of a scheduled drug. 17–A M.R.S.A. § 1107(1), (2)(A) (1983) (Class C).[1] He argues that the Superior Court (Penobscot County, *Hjelm, J.*) erred in denying his motion to suppress packets of heroin seized by the police and statements he made to the police. Langlois asserts that this evidence should have been suppressed because it resulted from an illegal de facto arrest that occurred when a police officer ordered him to lie face down on the ground at gunpoint. We disagree and affirm the judgment.

---

1. Title 17–A M.R.S.A. § 1107 has since been repealed by P.L.2001, ch. 383, § 126 (effective Jan. 31, 2003), and replaced by P.L.2001, ch. 383, § 127 (effective Jan. 31, 2003), *codified at* 17–A M.R.S.A. § 1107–A (Supp.2004).

## I. BACKGROUND

[¶ 2] Responding to a report that gang members were holding a person hostage, Officers Tall and Moore of the Bangor Police Department proceeded to an apartment building. Upon their arrival, a man who identified himself as the landlord of the building told them that he suspected that heroin was being sold out of an apartment in the building, and that the tenant of that apartment and a group of individuals were nearby. The landlord led the officers around the corner of the building where they observed a group of eight men. As the officers approached, two of the men were arguing, and one of them punched the other in the head. The man who threw the punch reached into his waistband and pulled out what appeared to be a handgun. Officer Tall drew his gun in response, which caused the suspect to throw his gun down. Officer Moore tackled the suspect.

[¶ 3] With his gun still drawn, Officer Tall ordered the remaining seven men, including Langlois, to lie face down on the ground. Officer Tall instructed the men on the ground not to move, but he observed Langlois trying to remove something from his right pants pocket. Even after Officer Tall instructed Langlois to put his hands in front of him, Langlois continued to try to remove an object from his pocket. When backup arrived, Officer Tall approached Langlois in order to conduct a pat-down search. Almost underneath Langlois, on the ground beside his right pants pocket, Officer Tall noticed a small packet that he recognized as heroin. Officer Tall also found a larger bag nearby that contained several packets of heroin similar to the one he found near Langlois's pocket.

[¶ 4] Officer Tall placed Langlois in handcuffs and continued to pat him down for weapons. As he escorted him across the street to a cruiser, Tall advised Langlois of his *Miranda* rights. Langlois told Officer Tall that he understood his rights, and he agreed to answer Tall's questions. When asked if the heroin was his, Langlois stated that the small packet next to his pocket was his, but that the larger bag was not.

[¶ 5] Langlois was charged by indictment with unlawful possession of scheduled drugs. 17–A M.R.S.A. § 1107(1), (2)(A). He filed a motion to suppress the heroin and his statements. After a hearing, the trial court denied the motion to suppress. The court found that when Officer Tall seized the heroin, Langlois "was not arrested, but rather was subjected to an investigatory detention" that was "justified and not violative of [his] right to be free from unreasonable seizure." The court also concluded that Langlois "was arrested for [F]ourth [A]mendment purposes when Tall handcuffed him and led him to the cruiser." The court found that the arrest was supported by probable cause and, consequently, that the "statements that [Langlois] subsequently made to the officer ... [were] not the fruit of an illegality." Langlois entered a conditional guilty plea and filed this appeal.[2]

## II. DISCUSSION

[¶ 6] "We review a denial of a motion to suppress for errors of law or clearly erroneous findings of fact." *State v. Alley*, 2004 ME 10, ¶ 13, 841 A.2d 803, 807. "We will uphold the court's denial of a motion to suppress 'if any reasonable view of the evidence supports the trial court's decision.'" *Id.* (quoting *State v.*

---

**2.** The trial court found Langlois guilty as charged and sentenced him to a term of one year, with all but thirty days suspended, and two years of probation.

*Bridges,* 2003 ME 103, ¶ 24, 829 A.2d 247, 254).

[¶ 7] In *Terry v. Ohio,* the United States Supreme Court held that limited governmental intrusions for the purpose of investigation are permissible under the Fourth Amendment upon a showing of reasonable suspicion. 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In determining the legitimacy of an investigatory search or seizure, we utilize a two-step analysis, considering "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Terry,* 392 U.S. at 20, 88 S.Ct. 1868; *see also State v. Hill,* 606 A.2d 793, 795 (Me.1992).

[¶ 8] The greater intrusion of an arrest, however, requires probable cause. *Dunaway v. New York,* 442 U.S. 200, 206–07, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). That is, a detention requires probable cause when it "intrudes so severely on interests protected by the Fourth Amendment as . . . to trigger the traditional safeguards against illegal arrest." *Id.* at 216, 99 S.Ct. 2248. Or, in the words of the First Circuit Court of Appeals, "[w]here police actions taken during the detention exceed what is necessary to dispel the suspicion that justified the stop, the detention may amount to an 'arrest' and is lawful only if it is supported by probable cause." *Flowers v. Fiore,* 359 F.3d 24, 29 (1st Cir.2004).

[¶ 9] Langlois contends that the court erred in denying his motion to suppress, asserting that he was subjected to a de facto arrest supported by less than probable cause when Tall ordered him at gunpoint to lie face down on the ground. We disagree.

[¶ 10] Contrary to Langlois's assertions, he was subjected to an investigatory detention, not an arrest, when Officer Tall ordered him at gunpoint to lie down. In *State v. Storey,* we found that a Maine Drug Enforcement Agency agent was properly engaged in an investigatory detention despite having drawn his gun as he approached the defendant. 1998 ME 161, ¶¶ 2, 12–14, 713 A.2d 331, 334. Here, as in *Storey,* the trial court "could reasonably have concluded that [ordering Langlois to lie face down at gunpoint] was merely 'the tempered act of a policeman who in the course of an investigation had to make a quick decision as to how to protect himself and others from possible danger, and took limited steps to do so.'" *Id.* ¶ 13, 713 A.2d at 334 (quoting *Terry,* 392 U.S. at 28, 88 S.Ct. 1868). Officer Tall's actions were "justified at [their] inception [and] reasonably related in scope to the circumstances which justified the interference in the first place." *Hill,* 606 A.2d at 795 (quoting *Terry,* 392 U.S. at 20, 88 S.Ct. 1868).

[¶ 11] Once Officer Tall discovered the heroin, he had probable cause to arrest Langlois, who was under arrest for Fourth Amendment purposes when Officer Tall restrained him with handcuffs and led him to the cruiser. Langlois's subsequent confession concerning the heroin followed Officer Tall's proper *Miranda* warning. Consequently, the trial court did not err in denying Langlois's motion to suppress the heroin or his statements. *See Alley,* 2004 ME 10, ¶ 13, 841 A.2d at 807.

The entry is:

Judgment affirmed.