STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, ss.                    CRIMINAL ACTION
                                   DOCKET NO: CR-08-890

STATE OF MAINE

            Plaintiff

    v.                             ORDER

THOMAS A. CASSIDY

            Defendant

Before this Court is Defendant Thomas Cassidy's motion to suppress.

FACTUAL BACKGROUND

Based on the evidence introduced at hearing on July 7, 2009, this Court

makes the following findings of fact:

In the early hours of April 11, 2008, a series of fires were reported to the

Portland Police Department. The first of these car fires was reported just after

4:00 a.m., and based on subsequent reports of additional fires, it was apparent to

investigators that fires were being started in an eastward direction from the

location of the originally reported fire.

Shortly before 6:00 a.m. that morning, Sergeant John Nueslein of the

Portland Police Department was responding to a report of a car fire on the corner

of Pleasant Street and Maple Street. Sergeant Nueslein testified that prior to

being directed to the corner of Pleasant and Maple, he had stopped, and had

directed the officers under his command to stop, all individuals who were

physically present at or around the areas in which the car fires burned. These

individuals were approached so that police could ascertain the identities of all

possible witnesses and/or suspects, as at this time, investigators did not have the actual identity or a description of any possible suspects.

While en route to the car fire and driving west on Pleasant Street, Sergeant Nueslein noticed a white male, now known to be the Defendant, walking in an easterly direction, about one hundred yards away from the fire burning at Pleasant and Maple. Sergeant Nueslein pulled his marked police cruiser to the side of the street, exited the vehicle, approached the Defendant, and when he was about fifteen to twenty feet from him, called out and asked the Defendant if he could speak with him. The Defendant answered "yeah." As Sergeant Nueslein spoke with the Defendant he noticed that the Defendant had alcohol on his breath. Further, while the Defendant was speaking well enough to be understood, Sergeant Nueslein testified that Defendant seemed to be looking right through him.

As he was speaking with the Defendant, Sergeant Nueslein noticed that the Defendant had what looked to be a knife handle protruding from his right front pants pocket. When asked about it, the Defendant informed Sergeant Nueslein that it was a "special forces" knife that his brother had given him. At that point, Sergeant Nueslein took the knife by the handle, removed it from Defendant's pocket and put it in his own. Sergeant Nueslein then asked the Defendant if he had any other weapons on him, and the Defendant told him that he did not. Subsequently, Sergeant Nueslein conducted a patdown search of the Defendant in an effort to determine whether he had additional weapons in his possession.

While conducting this patdown, Sergeant Nueslein felt a heavy object, five to six inches long and made of solid steel, in the Defendant's sweatshirt pocket.

2

Sergeant Nueslein took the item from the Defendant's pocket and determined that the item was, in fact, a pair of "brass knuckles." At this point, Sergeant Nueslein placed the Defendant's hands behind his back and handcuffed him. Sergeant Nueslein testified that he handcuffed the Defendant for his own safety, as he was without a backup officer at this time.

After securing the Defendant in handcuffs, Sergeant Nueslein continued his patdown search of the Defendant's person. As he frisked the Defendant's left pants pockets, he felt another hard object and asked the Defendant what it was. The Defendant responded by stating that it was an iPod. Unsure if the item was an iPod or a weapon, Sergeant Nueslein removed the object and discovered that it was, in fact, an iPod. Sergeant Nueslein then continued his pat down of Defendant, and felt small objects in Defendant's shirt pocket. When asked, the Defendant informed Sergeant Nueslein that the items he felt were lighters, and after getting permission from the Defendant, Sergeant Nueslein removed the lighters from the shirt pocket. Continuing his pat down of the Defendant, Sergeant Nueslein felt what he believed to be a large quantity of change in Defendant's back pocket. When asked, Defendant confirmed that he had a large amount of change.

At this point, Sergeant Nueslein asked the Defendant for his name and date of birth, and the Defendant provided this information. Soon thereafter, Officer Ryan Gagnon, arrived on the scene, followed by Detective Paul Murphy. Sergeant Nueslein then inquired with one of the officers working the fire scenes if one or more of the victims were missing any of the items found on Defendant's person. Sergeant Nueslein was informed that one victim, whose car was parked at Park Street, was missing an iPod matching the description of the one found on

3

Defendant's person. Thereafter, upon the direction of Detective Murphy, Officer Gagnon transferred the Defendant to the police station for questioning.

DISCUSSION

Both the Fourth Amendment to the United States Constitution and Article I, Section 5 of the Maine Constitution "protect us from unreasonable intrusions of police officers and other government agents." *State v. Burgess*, 2001 ME 117, ¶ 7, 776 A.2d 1223, 1227 (quoting *State v. Caron*, 534 A.2d 978, 979 (Me. 1987)).[1] The test espoused by the United States Supreme Court in the case of *Terry v. Ohio*, 392 U.S. 1 (1968), has long been adopted and applied in Maine. See, e.g., *State v. Langlois*, 2005 ME 3, ¶ 7, 863 A.2d 913, 916; *State v. Moulton*, 1997 ME 228, ¶ 10, 704 A.2d 361, 364; *State v. Griffin*, 459 A.2d 1086, 1089 (Me. 1983).

Under this test, "an investigatory stop is justified if at the time of the stop the officer has an articulable suspicion that criminal conduct has taken place, is occurring, or imminently will occur, and the officer's assessment of the existence of specific and articulable facts sufficient to warrant the stop is objectively reasonable in the totality of the circumstances." *Burgess*, 2001 ME 117, ¶ 7, 776 A.2d at 1227 (quoting *State v. Tarvers*, 1998 ME 64, ¶ 3, 709 A.2d 726, 727 (internal quotation marks omitted)); see *Terry*, 392 U.S. at 21-22. "Reasonable articulable suspicion 'is considerably less than proof of wrongdoing by a preponderance of the evidence,' but 'the suspicion needs to be based on more than speculation or an unsubstantiated hunch.'" *Burgess*, 2001 ME 117, ¶ 8, 776 A.2d at 1227 (quoting

---

[1] Further, evidence obtained in violation of the Fourth Amendment is inadmissible in state courts under the due process clause of the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961).

4

*State v. Eklund*, 2000 ME 175, ¶ 6, 760 A.2d 622, 624 (internal quotation marks omitted)).

The legitimacy of an investigatory search or seizure requires a two-step analysis. *State v. Hill*, 606 A.2d 793, 795 (Me. 1992). "The court must first consider whether the officer's action was justified at its inception; and, second, whether the action taken was reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* (quoting *Terry*, 392 U.S. at 20).

I.      Initial Contact Between the Defendant and Sergeant Nueslein

The Defendant argues that his rights were violated when Sergeant Nueslein initially stopped him because at the time he approached the Defendant, Sergeant Nueslein did not have reasonable articulable suspicion to believe that the Defendant was doing anything illegal. However,

> Law enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, [or] asking him if he is willing to answer some questions . . . If there is no detention -- no seizure within the meaning of the Fourth Amendment -- then no constitutional rights have been infringed.

*State v. Laplante*, 534 A.2d 959, 962 (Me. 1987) (quoting *Florida v. Royer*, 460 U.S. 491, 497-98 (1983)); see also, *Terry*, 392 U.S. at 34 (White, J. concurring) ("There is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets. Absent special circumstances, the person approached may not be detained or frisked but may refuse to cooperate and go on his way").

Here, when Sergeant Nueslein approached and asked the Defendant if he could speak with him, the Defendant responded in the affirmative. Thus, while it is arguable whether or not Sergeant Nueslein had the requisite suspicion to require the Defendant to stop and speak with him, because the Defendant

5

consented to speaking with Sergeant Nueslein, it cannot be said his constitutional rights were violated.[2]

II.     The Protective Search for Weapons

Alternatively, the Defendant argues that even if his rights were not violated when Sergeant Nueslein approached him, his rights were violated when Sergeant Nueslein, after seeing the knife in the Defendant's pocket, proceeded to pat him down for weapons. "The validity of the stop and the validity of the frisk are to be assessed separately, but a frisk cannot be upheld if the initial stop was improper." *State v. Hasenbank*, 425 A.2d 1330, 1332 (Me. 1981). As such, because this Court has already determined that Defendant's rights were not violated when Sergeant Nueslein approached the Defendant and asked if he could speak with him, this Court must now decide whether Sergeant Nueslein's protective frisk of the Defendant was valid.

A police officer may perform a limited protective search for concealed weapons if that officer "reasonably believed, in light of his experience, that an individual he was investigating might be armed and dangerous." *Id.* (citing *Terry*, 392 U.S. 1). "[The] issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27.

The circumstances of this case justified Sergeant Nueslein in his reasonable belief that the Defendant might be armed and dangerous. Sergeant Nueslein first approached the Defendant during the early morning hours, a time when there were very few, if any, people around. Moreover, at this time Sergeant

---

[2] To the extent that the Defendant argues that his consent was involuntarily given, nothing in the record support such a conclusion.

Nueslein was without backup. While admittedly the Defendant made no furtive or sudden movements during his conversation with Sergeant Nueslein, the smell of alcohol was emitting from his breath and the Defendant was acting in a way to suggest that he was under the influence of an intoxicant. Moreover, Sergeant Nueslein did not begin to frisk the Defendant for weapons until after he observed and removed from Defendant's pocket a "special forces" knife. Thus, based on these circumstances, it cannot be said that Sergeant Nueslein acted unreasonably in taking preventive measures to ensure that the Defendant did not have additional weapons on his person.

A.      Scope of the Protective Search

1.      The Brass Knuckles

A search for weapons conducted during a valid investigatory stop must be "strictly circumscribed by the exigencies which justify its initiation." *Terry*, 392 U.S. at 26. Because the sole justification for a *Terry* search is the protection and safety of police officers and others nearby, the search must be "confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *State v. Storey*, 1998 ME 161, ¶ 15, 713 A.2d 331, 334 (quoting *Terry*, 392 U.S. at 29). "If the protective search goes beyond what is necessary to determine if the suspect is armed, it is no longer valid under *Terry* and its fruits will be suppressed." *Id.* (quoting *Minnesota v. Dickerson*, 508 U.S. 366, 374 (1993). However, if during this limited patdown, the officer discovers an object that feels like a weapon he is authorized to remove it. *Terry*, 392 U.S. at 29-30.

Here, Sergeant Nueslein testified that after he took the knife from Defendant's pocket and secured it, he performed a limited pat down of the

7

Defendant's person in order to determine whether Defendant had more weapons on him. During this frisk, Sergeant Nueslein felt what he described as a hard, thin, solid metal object that was between 5-6 inches long and was "sagging" in the Defendant's sweatshirt pocket. Sergeant Nueslein, believing it to be a weapon or other item that could be used to harm him, removed the object from the Defendant's sweatshirt pocket to reveal that the object was, in fact, a set of brass knuckles.

From these facts, it is apparent that Sergeant Nueslein search of Defendant's person did not go beyond what was necessary to determine whether the Defendant remained armed. Sergeant Nuelein's search was limited to a pat down of the Defendant's person, and it was not until he felt the hard, solid metal object in the Defendant's sweatshirt pocket, an object that Sergeant Nueslein's believed was or could be used as a weapon, that he reached in Defendant's pocket to retrieve the brass knuckles. As such, this Court finds that Sergeant Nueslein's limited search of Defendant's person was valid because it was "confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." *Storey*, 1998 ME at ¶ 15, 713 A.2d at 334.

2.     The Remaining Items Found on Defendant's Person

Sergeant Nueslein testified that after he took the brass knuckles from the Defendant, he placed the Defendant in a pair of handcuffs. Thereafter, in an effort to determine whether the Defendant had any other weapons on his person, he continued his protective search of the Defendant. However, at this point in the search, because the Defendant was already secured in handcuffs, it is arguable "whether a reasonably prudent man in the circumstances would be warranted in

8

the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27. Such a belief is necessary in order to conduct a limited protective search of a person under *Terry*. However, despite the fact that Sergeant Nueslein neutralized any possible threat posed by the Defendant by placing him in handcuffs, the evidence found during his subsequent search of the Defendant remains admissible.

The inevitable discovery doctrine "permits the use of evidence that has been obtained in violation of the Fourth Amendment to the United States Constitution and article I, section 5 of the Maine Constitution when that evidence 'inevitably would have been discovered by lawful means.'" *State v. Rabon*, 2007 ME 113, ¶ 19, 930 A.2d 268, 276 (quoting *Nix v. Williams*, 467 U.S. 431, 444 (1984)).

Here, Sergeant Nueslein testified that after he found the brass knuckles on the Defendant's person, he decided that he was going to arrest the Defendant on the charge of carrying a concealed weapon in violation of 25 M.R.S.A. §2001-A(1)(B). Thus, while under *Terry*, it is arguable whether Sergeant Nueslein had the authority to continue his protective pat down of the Defendant after the Defendant had been placed in handcuffs, because the Defendant was going to be arrested for possessing a concealed weapon, everything found on the Defendant's person after the time he was handcuffed, namely the iPod, pocket changes, and lighters, would have been inevitably found in a search incident to arrest. As such, these items are admissible.

IV.    Conclusion

As this Court finds that Defendant's rights were not violated when he was approached and subsequently frisked by Sergeant Nueslein, the motion to suppress is denied.

**Therefore, the entry is:**

Defendant's Motion to Suppress is DENIED.

Dated: _July 31, 2009_

Roland A. Cole
Justice, Superior Court

STATE OF MAINE
    vs
THOMAS A CASSIDY
14 FREDERICK STREET
PORTLAND ME 04102

DOB: 03/02/1989
Attorney: JOHN DEGRINNEY
         DEGRINNEY LAW OFFICES
         1266 CONGRESS STREET
         PORTLAND ME 04102
         WITHDRAWN 05/05/2009
Attorney: LEONARD SHARON
         LEONARD SHARON ESQ PC
         223 MAIN STREET
         PO BOX 258
         AUBURN ME 04212-0258
         RETAINED 05/04/2009

                                    SUPERIOR COURT
                                    CUMBERLAND, ss.
                                    Docket No   PORSC-CR-2008-00890

                                    **DOCKET RECORD**


              State's Attorney: STEPHANIE ANDERSON

Filing Document: CRIMINAL COMPLAINT                Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 04/14/2008

## Charge(s)

1   ARSON                                    04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A
    MURPHY                 / POR

2   ARSON                                    04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A
    MURPHY                 / POR

3   ARSON                                    04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A
    MURPHY                 / POR

4   ARSON                                    04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A
    MURPHY                 / POR

5   ARSON                                    04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A  Charged with INDICTMENT on Supplem

6   ARSON                                    04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A  Charged with INDICTMENT on Supplem

7   ARSON                                    04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A  Charged with INDICTMENT on Supplem

8   ARSON                                    04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A  Charged with INDICTMENT on Supplem

9   ARSON                                          04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A  Charged with INDICTMENT on Supplem


10  ARSON                                          04/11/2008 PORTLAND
Seq 776   17-A  802(1)(A)           Class A  Charged with INDICTMENT on Supplem


11  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10929 17-A  405(1)(B)           Class C  Charged with INDICTMENT on Supplem


12  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


13  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


14  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


15  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


16  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


17  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


18  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


19  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


20  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


21  BURGLARY OF A MOTOR VEHICLE                    04/11/2008 PORTLAND
Seq 10928 17-A  405(1)(A)           Class D  Charged with INDICTMENT on Supplem


22  ARSON                                          04/11/2008 PORTLAND

Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


23  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


24  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


25  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


26  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


27  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


28  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


29  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


30  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


31  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


32  ARSON                                      04/11/2008 PORTLAND
Seq 4539  17-A  802(1)(B)(2)          Class A  Charged with INDICTMENT on Supplem


33  CARRYING CONCEALED WEAPON                  04/11/2008 PORTLAND
Seq 9775  25    2001-A(1)(B)          Class D  Charged with INDICTMENT on Supplem


34  THEFT BY UNAUTHORIZED TAKING OR TRANSFER   04/11/2008 PORTLAND
Seq 8423  17-A  353(1)(A)             Class E  Charged with INDICTMENT on Supplem


35  THEFT BY UNAUTHORIZED TAKING OR TRANSFER   04/11/2008 PORTLAND
Seq 8423  17-A  353(1)(A)             Class E  Charged with INDICTMENT on Supplem

**36  VIOLATING CONDITION OF RELEASE            04/11/2008 PORTLAND**
**Seq 9632  15    1092(1)(A)          Class E  Charged with INDICTMENT on Supplem**


**37  BURGLARY OF A MOTOR VEHICLE               04/11/2008 PORTLAND**
**Seq 10928 17-A  405(1)(A)          Class D  Charged with INDICTMENT on Supplem**


**38  THEFT BY UNAUTHORIZED TAKING OR TRANSFER  04/11/2008 PORTLAND**
**Seq 8423  17-A  353(1)(A)          Class E  Charged with INDICTMENT on Supplem**


## Docket Events:

04/14/2008 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 04/14/2008


04/14/2008 Charge(s): 1,2,3,4
           HEARING -  INITIAL APPEARANCE SCHEDULED FOR 04/14/2008 @ 1:00 in Room No.  1


           NOTICE TO PARTIES/COUNSEL
04/24/2008 Charge(s): 1,2,3,4
           HEARING -  INITIAL APPEARANCE HELD ON 04/14/2008
           ROBERT E CROWLEY , JUSTICE
           TAPE #714, 715. NEW BAIL SET.                                      RS
04/24/2008 BAIL BOND - $100,000.00 SURETY BAIL BOND SET BY COURT ON 04/14/2008
           ROBERT E CROWLEY , JUSTICE
           OR $50,000 CASH WITH CONDITIONS.                                   RS
04/24/2008 HEARING -  STATUS CONFERENCE SCHEDULED FOR 06/17/2008 @ 1:00 in Room No.  7


           RS
04/24/2008 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 04/14/2008
           ROBERT E CROWLEY , JUSTICE
           COPY TO PARTIES/COUNSEL                                           RS
04/24/2008 Party(s): THOMAS A CASSIDY
           ATTORNEY -  APPOINTED ORDERED ON 04/14/2008


           Attorney: JOEL VINCENT
04/25/2008 MOTION -  MOTION TO AMEND BAIL FILED BY DEFENDANT ON 04/25/2008


           MOTION TO REDUCE BAIL                                            TSK
04/28/2008 HEARING -  MOTION TO AMEND BAIL SCHEDULED FOR 04/29/2008 @ 8:30 in Room No.  7


           NOTICE  TO PARTIES/COUNSEL
                                                              MRP
04/28/2008 OTHER FILING -  PRETRIAL SERVICES CONTRACT FILED ON 04/28/2008


05/01/2008 OTHER FILING -  PRETRIAL SERVICES CONTRACT APPROVED ON 05/01/2008
           CARL O BRADFORD , JUSTICE
05/02/2008 MOTION -  MOTION TO AMEND BAIL DENIED ON 04/29/2008
           NANCY MILLS , JUSTICE

COPY TO PARTIES/COUNSEL                                      DENIED AS
WRITTEN. NEW BAIL SET.                              RS

05/02/2008 HEARING - MOTION TO AMEND BAIL HELD ON 04/30/2008
           NANCY MILLS , JUSTICE
           NEW BAIL SET.                                     RS

05/02/2008 BAIL BOND - $90,000.00 SURETY BAIL BOND SET BY COURT ON 04/30/2008
           NANCY MILLS , JUSTICE
           OR $50,000 CASH AND MPTS WITH CONDITIONS.         RS

05/02/2008 BAIL BOND - SURETY BAIL BOND COND RELEASE ISSUED ON 04/30/2008
           NANCY MILLS , JUSTICE

                                                             RS

05/02/2008 OTHER FILING - OTHER DOCUMENT FILED ON 05/02/2008


           BAIL LIEN FILED                                   BOOK:26019
           PAGE#54                                  TSK

05/02/2008 BAIL BOND - $90,000.00 SURETY BAIL BOND FILED ON 05/02/2008


           Bail Amt:  $90,000        Surety Type: REAL ESTATE         Surety Value:  $185,000
           County: CUMBERLAND        County Book ID:  Book Page:
           Date Bailed: 05/01/2008   Prvdr Name: PATRICIA  CASSIDY
           Lien Issued: 05/01/2008   Rtrn Name: PATRICIA  CASSIDY
           Lien Discharged:
           3RD PARTY WITH CONDITIONS/BO

05/05/2008 MOTION - MOTION TO REVOKE BAIL FILED BY STATE ON 05/05/2008


           TSK

05/06/2008 MOTION - MOTION TO REVOKE BAIL GRANTED ON 05/05/2008
           ROLAND A COLE , JUSTICE
           COPY TO PARTIES/COUNSEL

                                             MOTION TO REVOKE D'S BAIL IS
           GRANTED. TO BE HELD WITHOUT BAIL PENDING COURT APPEARANCE

                       MRP

05/06/2008 BAIL BOND - NO BAIL ALLOWED SET BY COURT ON 05/05/2008
           ROLAND A COLE , JUSTICE

05/06/2008 WARRANT - VIOLATION OF BAIL ORDERED ON 05/06/2008
           ROLAND A COLE , JUSTICE

05/06/2008 WARRANT - VIOLATION OF BAIL ISSUED ON 05/06/2008


           MRP

05/08/2008 WARRANT - VIOLATION OF BAIL EXECUTED ON 05/07/2008


05/08/2008 WARRANT - VIOLATION OF BAIL RETURNED ON 05/08/2008


05/08/2008 HEARING - MOTION TO REVOKE BAIL SCHEDULED FOR 05/13/2008 @ 8:30 in Room No.  7


           NOTICE  TO PARTIES/COUNSEL
                                                             MRP

05/08/2008 HEARING - MOTION TO REVOKE BAIL NOTICE SENT ON 05/08/2008


05/13/2008 HEARING - MOTION TO REVOKE BAIL HELD ON 05/13/2008
           WILLIAM BRODRICK , JUSTICE
           Attorney: JOEL VINCENT

DA: DEBORAH CHMIELEWSKI
Defendant Present in Court

TAPE #2892 (1560)                                                          TSK
06/05/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 06/03/2008


TSK
06/06/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 06/05/2008
           ROLAND A COLE , JUSTICE
           COPY TO PARTIES/COUNSEL                                          TSK
06/06/2008 Party(s):  THOMAS A CASSIDY
           ATTORNEY -  WITHDRAWN ORDERED ON 06/05/2008


           Attorney:  JOEL VINCENT
06/12/2008 Party(s):  THOMAS A CASSIDY
           ATTORNEY -  APPOINTED ORDERED ON 06/12/2008


           Attorney:  NEALE DUFFETT
06/13/2008 HEARING -  STATUS CONFERENCE NOT HELD ON 06/12/2008


06/13/2008 HEARING -  STATUS CONFERENCE SCHEDULED FOR 06/17/2008 @ 1:00


           MRP
06/19/2008 HEARING -  STATUS CONFERENCE CONTINUED ON 06/17/2008
           ROBERT E CROWLEY , JUSTICE
           Attorney:  GERARD CONLEY
           DA:  DEBORAH CHMIELEWSKI
           DEFENDANT REMANDED. SAME BAIL CONTINUED. BAIL MAY BE REVISTED.        RS
06/19/2008 BAIL BOND -  NO BAIL ALLOWED SET BY COURT ON 06/17/2008
           ROBERT E CROWLEY , JUSTICE
           RS
06/19/2008 HEARING -  STATUS CONFERENCE SCHEDULED FOR 07/15/2008 @ 1:00 in Room No.  7


           RS
06/30/2008 Party(s):  THOMAS A CASSIDY
           ATTORNEY -  RETAINED ENTERED ON 06/30/2008


           Attorney:  NICHOLAS MAHONEY
07/01/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 07/01/2008


           TSK
07/02/2008 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 07/02/2008
           ROLAND A COLE , JUSTICE
           COPY TO PARTIES/COUNSEL                                          TSK
07/02/2008 Party(s):  THOMAS A CASSIDY
           ATTORNEY -  WITHDRAWN ORDERED ON 07/02/2008


           Attorney:  NEALE DUFFETT
07/11/2008 OTHER FILING -  PRETRIAL SERVICES CONTRACT FILED ON 07/10/2008


07/16/2008 HEARING -  STATUS CONFERENCE HELD ON 07/15/2008
           S KIRK STUDSTRUP , JUSTICE
           Attorney:  NICHOLAS MAHONEY

DA:  DEBORAH CHMIELEWSKI
Defendant Present in Court


TAPE #2931. NEW BAIL SET. DEFENDANT REMANDED.                          RS
07/16/2008 BAIL BOND - $90,000.00 SURETY BAIL BOND SET BY COURT ON 07/15/2008
        S KIRK STUDSTRUP , JUSTICE
        OR $50,000 CASH WITH CONDITIONS AND MPTS.                     RS
07/16/2008 BAIL BOND -  SURETY BAIL BOND COND RELEASE ISSUED ON 07/15/2008
        S KIRK STUDSTRUP , JUSTICE
07/16/2008 HEARING -  STATUS CONFERENCE SCHEDULED FOR 08/23/2008 @ 8:30 in Room No.  7


        RS
07/16/2008 HEARING -  STATUS CONFERENCE NOTICE SENT ON 07/16/2008


        RS
08/04/2008 BAIL BOND -  SURETY BAIL BOND BAIL RELEASED ON 08/04/2008


        RECIEVED NEW SURETY BID BEE877
        Date Bailed: 05/01/2008
        Lien Issued: 05/01/2008
        3RD PARTY WITH CONDITIONS/BO
08/04/2008 BAIL BOND -  SURETY BAIL BOND RELEASE ACKNOWLEDGED ON 08/04/2008


        Date Bailed: 05/01/2008
        Lien Issued: 05/01/2008
        3RD PARTY WITH CONDITIONS/BO
08/04/2008 BAIL BOND - $90,000.00 SURETY BAIL BOND FILED ON 08/01/2008


        Bail Amt:  $90,000          Surety Type: REAL ESTATE           Surety Value:  $200,000
        County: CUMBERLAND          County Book ID: 17956 Book Page: 94
        Date Bailed: 07/31/2008     Prvdr Name: MITCHELL E KANE
        Lien Issued: 07/31/2008     Rtrn Name: MITCHELL E KANE
        Lien Discharged: 06/24/2009
        WITH CONDITIONS/BO
08/07/2008 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
                2,33,34,35,36,37,38
        SUPPLEMENTAL FILING -  INDICTMENT FILED ON 08/07/2008


08/07/2008 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
                2,33,34,35,36,37,38
        HEARING -  ARRAIGNMENT SCHEDULED FOR 08/26/2008 @ 11:00 in Room No.  7


08/07/2008 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
                2,33,34,35,36,37,38
        HEARING -  ARRAIGNMENT NOTICE SENT ON 08/07/2008


        ST
08/07/2008 HEARING -  STATUS CONFERENCE NOT HELD ON 08/07/2008


        DEFENDANT INDICTED
08/26/2008 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
                2,33,34,35,36,37,38
        HEARING -  ARRAIGNMENT HELD ON 08/26/2008

WILLIAM  BRODRICK , JUSTICE
Attorney:  NICHOLAS MAHONEY
DA:  DEBORAH CHMIELEWSKI
Defendant Present in Court

READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
DEFENDANT.  60 DAYS TO FILE MOTIONS. SAME BAIL CONTINUED. TAPE #2976.
                                                              RS
08/26/2008 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
           2,33,34,35,36,37,38
           PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 08/26/2008


08/26/2008 BAIL BOND - $90,000.00 SURETY BAIL BOND CONTINUED AS POSTED ON 08/26/2008
           WILLIAM  BRODRICK , JUSTICE
           WITH CONDITIONS.                                              RS
08/26/2008 TRIAL -  DOCKET CALL SCHEDULED FOR 11/21/2008 @ 8:30 in Room No.   11


           RS
09/08/2008 OTHER FILING -  COUNSEL VOUCHER FILED ON 09/04/2008


           Attorney:  JOEL VINCENT
           15.9HRS
09/09/2008 OTHER FILING - $795.00 COUNSEL VOUCHER APPROVED ON 09/08/2008
           ROLAND A COLE , JUSTICE
           9/9/08 TO AOC/BO
10/30/2008 TRIAL -  DOCKET CALL NOTICE SENT ON 10/30/2008


           JH
11/04/2008 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 11/12/2008 @ 1:00 in Room No.   7


           NOTICE  TO PARTIES/COUNSEL
                                                              MRP
11/04/2008 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 11/04/2008


11/04/2008 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/27/2008


11/04/2008 MOTION -  MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/27/2008


           PRE& POST MIRANDA INTERROGATION
                                                              MRP
11/05/2008 HEARING -  MOTION TO SUPPRESS NOT HELD ON 11/05/2008


11/05/2008 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 12/10/2008 @ 1:00 in Room No.   7


           NOTICE  TO PARTIES/COUNSEL
                                                              MRP
11/05/2008 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 11/05/2008


11/06/2008 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 11/06/2008


           UNOPPOSED                                              TSK
11/07/2008 MOTION -  MOTION TO CONTINUE GRANTED ON 11/07/2008
           THOMAS D WARREN , JUSTICE

COPY TO PARTIES/COUNSEL                                                    TSK
11/07/2008 TRIAL -  DOCKET CALL CONTINUED ON 11/07/2008


           TSK
11/07/2008 HEARING -  DISPOSITIONAL HEARING SCHEDULED FOR 01/14/2009 @ 2:00 in Room No.  7


           NOTICE TO PARTIES/COUNSEL                                       TSK
11/07/2008 HEARING -  DISPOSITIONAL HEARING NOTICE SENT ON 11/07/2008


11/07/2008 TRIAL -  JURY TRIAL SCHEDULED FOR 02/17/2009 @ 8:30 in Room No.  11


           NOTICE TO PARTIES/COUNSEL
11/07/2008 TRIAL -  JURY TRIAL NOTICE SENT ON 01/21/2009


12/17/2008 HEARING -  MOTION TO SUPPRESS NOT HELD ON 12/10/2008


           TRIAGE AT DISP.CONF.                                            TSK
01/21/2009 HEARING -  DISPOSITIONAL HEARING NOT HELD ON 01/14/2009


01/21/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 02/03/2009 @ 1:00 in Room No.  7


           NOTICE  TO PARTIES/COUNSEL                                      2 HOURS
01/21/2009 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 01/21/2009


01/28/2009 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 01/27/2009


           TO CONTINUE MOTION HEARING ON 2/3/09                            UNOPPOSED
01/30/2009 MOTION -  MOTION TO CONTINUE GRANTED ON 01/30/2009
           ROBERT E CROWLEY , JUSTICE
           COPY TO PARTIES/COUNSEL
01/30/2009 HEARING -  MOTION TO SUPPRESS CONTINUED ON 01/30/2009


01/30/2009 TRIAL -  JURY TRIAL CONTINUED ON 01/30/2009


01/30/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 04/21/2009 @ 1:00 in Room No.  8


           NOTICE  TO PARTIES/COUNSEL
01/30/2009 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 01/30/2009


03/11/2009 MOTION -  MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 03/06/2009


03/12/2009 MOTION -  MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 03/11/2009
           ROLAND A COLE , JUSTICE
           COPY TO PARTIES/COUNSEL
03/12/2009 Party(s): THOMAS A CASSIDY
           ATTORNEY -  WITHDRAWN ORDERED ON 03/11/2009


           Attorney: NICHOLAS MAHONEY
03/17/2009 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 03/12/2009


03/20/2009 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 03/18/2009
           ROBERT E CROWLEY , JUSTICE
           COPY TO PARTIES/COUNSEL

03/20/2009 Party(s): THOMAS A CASSIDY
ATTORNEY - APPOINTED ORDERED ON 03/18/2009

Attorney: JOEL VINCENT
04/02/2009 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 04/02/2009

04/09/2009 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 04/08/2009
JOYCE A WHEELER , JUSTICE
COPY TO PARTIES/COUNSEL
04/09/2009 Party(s): THOMAS A CASSIDY
ATTORNEY - WITHDRAWN ORDERED ON 04/08/2009

Attorney: JOEL VINCENT
04/09/2009 Party(s): THOMAS A CASSIDY
ATTORNEY - APPOINTED ORDERED ON 04/08/2009

Attorney: LAWRENCE GOODGLASS
04/17/2009 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38
MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 04/17/2009

04/21/2009 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 04/17/2009

04/21/2009 MOTION - MOTION TO CONTINUE GRANTED ON 04/17/2009
JOYCE A WHEELER , JUSTICE
COPY TO PARTIES/COUNSEL
04/21/2009 HEARING - MOTION TO SUPPRESS CONTINUED ON 04/17/2009

04/21/2009 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 05/19/2009 @ 1:00 in Room No. 8

NOTICE TO PARTIES/COUNSEL
04/21/2009 HEARING - MOTION TO SUPPRESS NOTICE SENT ON 04/21/2009

04/27/2009 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 04/24/2009

04/27/2009 LETTER - FROM PARTY FILED ON 04/24/2009

LETTER FROM DEF REQUESTING NEW ATTY
04/29/2009 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 04/27/2009
ROLAND BEAUDOIN , JUDGE
COPY TO PARTIES/COUNSEL
04/29/2009 Party(s): THOMAS A CASSIDY
ATTORNEY - WITHDRAWN ORDERED ON 04/27/2009

Attorney: LAWRENCE GOODGLASS
04/29/2009 Party(s): THOMAS A CASSIDY
ATTORNEY - APPOINTED ORDERED ON 04/27/2009

Attorney: JOHN DEGRINNEY
05/04/2009 Party(s): THOMAS A CASSIDY
ATTORNEY - RETAINED ENTERED ON 05/04/2009

Attorney: LEONARD SHARON

05/04/2009 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38
MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 05/04/2009


05/05/2009 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38
MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 05/05/2009


FILED BY ATTY DEGRINNEY
05/05/2009 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38
MOTION - MOTION TO CONTINUE GRANTED ON 05/05/2009
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL
05/05/2009 HEARING - MOTION TO SUPPRESS CONTINUED ON 05/05/2009
ROLAND A COLE , JUSTICE
05/05/2009 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38
MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 05/05/2009
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL                                          UPON ENTRY OF
APP OF ATTY SHARON
05/05/2009 Party(s): THOMAS A CASSIDY
ATTORNEY - WITHDRAWN ORDERED ON 05/05/2009


Attorney: JOHN DEGRINNEY
05/12/2009 OTHER FILING - $125.00 COUNSEL VOUCHER APPROVED ON 05/12/2009
PENNY WHITNEY , FIELD OPERATIONS SPECIALIST
Attorney: JOHN DEGRINNEY
2.5 HR MIN                                                      5/12 SENT TO
AOC
05/14/2009 MOTION - MOTION TO TERMINATE BAIL FILED BY THIRD PRTY ON 04/21/2009


06/04/2009 GRANTED. JUDGE EGGERT.
05/26/2009 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38
HEARING - MOTION TO SUPPRESS SCHEDULED FOR 06/16/2009 @ 1:00 in Room No. 8


NOTICE TO PARTIES/COUNSEL
05/26/2009 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
2,33,34,35,36,37,38
HEARING - MOTION TO SUPPRESS NOTICE SENT ON 05/26/2009


06/08/2009 WARRANT - ON COMP/INDICTMENT ORDERED ON 06/04/2009
PAUL E EGGERT , JUDGE
06/08/2009 BAIL BOND - $50,000.00 CASH BAIL BOND SET BY COURT ON 06/04/2009


OR $90,000.00 REAL ESTATE. NO US OR POSS. OF ALCOHOL/ILLEGAL DRUGS.      NOT POSSE ANY
DANGEROUS WEAPONS. RANDOM SEARCH/TEST FOR THE SAME, AT ANY   TIME WITHOUT ARTICULABLE
SUSPICION OR PROBABLE CAUSE.
06/08/2009 WARRANT - ON COMP/INDICTMENT ISSUED ON 06/08/2009


CERTIFIED COPY TO WARRANT REPOSITORY

06/18/2009 BAIL BOND -  SURETY BAIL BOND SET BY COURT ON 06/17/2009
        JOYCE A WHEELER , JUSTICE
        $5,0000.SS W/ EXISTING MPS CONTRACT
06/18/2009 WARRANT -  ON COMP/INDICTMENT EXECUTED ON 06/16/2009


06/18/2009 LETTER -  FROM NON-PARTY FILED ON 06/17/2009


        FROM MPS
06/18/2009 Charge(s): 1,2,3,4,5,6,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25,26,27,28,29,30,31,3
                2,33,34,35,36,37,38
        HEARING -  MOTION TO SUPPRESS NOT HELD ON 06/18/2009


06/18/2009 HEARING -  MOTION TO TERMINATE BAIL HELD ON 06/17/2009
        JOYCE A WHEELER , JUSTICE
        Attorney: LEONARD SHARON
        DA: MATTHEW TICE
        TAPE 3302
06/18/2009 BAIL BOND - $5,000.00 SURETY BAIL BOND SET BY COURT ON 06/17/2009
        JOYCE A WHEELER , JUSTICE
        W MPTS CONTRACT
06/18/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 07/07/2009 @ 1:00 in Room No.  8


        NOTICE  TO PARTIES/COUNSEL
06/18/2009 HEARING -  MOTION TO SUPPRESS NOTICE SENT ON 06/18/2009


06/22/2009 WARRANT -  ON COMP/INDICTMENT RETURNED ON 06/17/2009


06/23/2009 BAIL BOND - $5,000.00 SURETY BAIL BOND FILED ON 06/19/2009


        Bail Amt: $5,000          Surety Type: REAL ESTATE               Surety Value:  $200,000
        County: CUMBERLAND        County Book ID: 27007 Book Page: 291
        Date Bailed: 06/18/2009   Prvdr Name: MITCHELL E KANE
        Lien Issued: 06/18/2009   Rtrn Name: MITCHELL E KANE
        Lien Discharged:
06/23/2009 BAIL BOND -  SURETY BAIL BOND BAIL RELEASED ON 06/23/2009


        Date Bailed: 07/31/2008
        Lien Issued: 07/31/2008
        WITH CONDITIONS/BO
06/23/2009 BAIL BOND -  SURETY BAIL BOND COND RELEASE ISSUED ON 06/17/2009
        JOYCE A WHEELER , JUSTICE
06/23/2009 OTHER FILING -  PRETRIAL SERVICES CONTRACT FILED ON 06/17/2009


06/23/2009 BAIL BOND -  SURETY BAIL BOND RELEASE ACKNOWLEDGED ON 06/23/2009


        Date Bailed: 07/31/2008
        Lien Issued: 07/31/2008
        WITH CONDITIONS/BO
06/26/2009 BAIL BOND -  SURETY BAIL BOND BAIL LIEN DISCHARGED ON 06/24/2009


        Date Bailed: 07/31/2008
        Lien Issued: 07/31/2008
        WITH CONDITIONS/BO

07/06/2009 OTHER FILING - $215.00 COUNSEL VOUCHER APPROVED ON 07/06/2009
PENNY WHITNEY , FIELD OPERATIONS SPECIALIST
Attorney: LAWRENCE GOODGLASS
4.3 HRS                                                    SENT TO AOC 7/6
07/07/2009 HEARING -  MOTION TO SUPPRESS HELD ON 07/07/2009
ROLAND A COLE , JUSTICE
Attorney: LEONARD SHARON
DA: DEBORAH CHMIELEWSKI
Defendant Present in Court

ER TAPE 3326,INDEX 135, HEARING BEGINS. TESTIMONY ENDS 1:50 PM.  DEFENDANT'S ORAL
ARGUMENT.2:00 P M STATE'S ORAL ARGUMENT. COURT TAKES MATTER UNDER ADVISEMENT.
07/31/2009 MOTION -  MOTION TO SUPPRESS DENIED ON 07/31/2009
ROLAND A COLE , JUSTICE
COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: *Penny J. Whitney-Ardoran*
                    Clerk