STATE OF MAINE                          UNIFIED CRIMINAL DOCKET
KENNEBEC, ss.                           AUGUSTA
                                        DOCKET NO. CD-CR-17-20760


STATE OF MAINE


v.                                              ORDER ON MOTION
                                                  TO SUPPRESS


TIMOTHY J. EZELL,
        Defendant


        This matter came to the attention of the undersigned on October 24, 2017 with respect to the Defendant's Motion to Suppress filed October 6, 2017 seeking to suppress all evidence obtained by the State as a result of a motor vehicle stop of the defendant on May 10, 2017 upon grounds that "the officer in said stop did not have probable cause to stop said vehicle and violated the Fourth Amendment of the United States Constitution and Article I, Section V of the Constitution for the State of Maine."

        After hearing, and after the Court has had an opportunity to review pertinent statutory authority and caselaw, the Court **denies** the Motion to Suppress for the reasons set forth below:

        1.  On or about May 10, 2017 at approximately 9:20 p.m. Officer Dumas of the Waterville Police Department stopped the Defendant's vehicle that Defendant was operating because the officer believed the vehicle's right rear license plate light was out.  The officer's testimony that the license plate was not illuminated is deemed credible by the undersigned.

        2.  There was other evidence that, at a minimum, at least one of the plate lights was not operating properly to the extent that there was an issue concerning whether the vehicle could pass state inspection.

        3.  An investigatory stop is valid when it is "supported by specific and articulable facts which, taken as a whole and together with the rational inferences from those facts, reasonably warrant the police intrusion." *State v. Hill*, 606 A.2d 793, 795 (Me. 1992) (citations omitted). Suspicion of a civil violation provides adequate specific and articulable facts. *Id.*   *See also State v. Taylor*, 1997 ME 81.

4. Moreover, 29-A M.R.S. § 105(1) provides authority for law enforcement to stop a motor vehicle if the officer has reasonable and articulable suspicion to believe that a violation of the criminal or traffic law has taken or is taking place.

5. Accordingly, the stop of the Defendant's motor vehicle by Officer Dumas on the night in question was legal, and the motion must be, and is denied.

Date: 11/1/17

BY _____

Robert E. Mullen, Deputy Chief Justice
Maine Superior Court